ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 292-1045

Attorney for Plaintiffs
RODOLFO F RUFELAS & EVA ROMERO GARCIA

**Filed**

OCT 1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

RODOLFO F RUFELAS AND EVA ROMERO
GARCIA

       Plaintiffs,

vs.

JASWINDER BHULLAR, MANGAL S
BHULLAR, & DOES 1 THOUGHT 10

       Defendants

Case No.: C07  05244  HRL

**COMPLAINT FOR DAMAGE**
1). Violation of California Labor Code §1194;
2). Violations of The Fair Labor Standards Act
(Non-payment of overtime); 3) Failure to Pay
Minimum Wage 4) Failure to Provide Meal
Period in Violation of Labor Code §226.7; 5).
"Waiting Time" Penalties under California
Labor Code §203; and 6) For Restitution of
Unpaid Wages in Violation of California Unfair
Trade Practices Act under Business and
Professions Code § 17203

Plaintiffs, Rodolfo F Rufelas ("Rufelas") and Eva Romero Garcia ("Garcia"), for their

complaint, allege as follows:

**NATURE OF CLAIM**

1.    This is a complaint by former employees against their ex-employer for damages

arising out of their employer's failure to pay overtime as required by the Fair Labor Standards

Act and the California Wage Orders and statutes. The Plaintiffs seek compensatory damages for

unpaid wages in addition to liquidated damages under Title 29 U.S.C. § 216(b), damages under

California Labor Code §226.7 for failure to provide meal and rest periods, damages for failure to

pay minimum wage, waiting time penalties under California Labor Code §§ 203, and attorney's

fees, costs, and pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C.

1

§ 216(b).  Plaintiffs also seek restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2.    At all times relevant herein, Plaintiffs were employees of defendants Jaswinder Bhullar and Mangal S Bhullar, doing business as Happy Hollow Market.

3.    Defendants Jaswinder Bhullar and Mangal S Bhullar are residents of Santa Clara County, California, doing business as Happy Hollow Market in San Jose, California.

## SUBJECT MATTER JURISDICTION AND VENUE

4.    Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

5.    This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

## GENERAL ALLEGATIONS

6.    Plaintiffs were employed by the defendants Bhullars during last four years.

7.    Throughout their employment with Bhullars, the Plaintiffs regularly worked over 8 hours a day and forty fours a week.

8.    Plaintiffs did not supervise at least three full time employees, nor did they spent substantial time in performing "exempt" job duties during their employment with Bhullars, and thus were not subjected to any exemptions from overtime under FLSA or California Labor Code. Furthermore, the Plaintiffs' primary job duties did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time, and thus were not exempt from overtime under California Labor Code.

9.    At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor were Plaintiffs required to customarily and regularly exercised discretionary powers or perform services of management.

2

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code §510*

10.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-9 as if fully stated herein.

11.     At all relevant times herein, Plaintiffs' employment was subject to California Labor Code §§ 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code § 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

12.     During their employment with the defendants Bhullars, although Plaintiffs regularly worked in excess of forty hours per week and in excess of eight hours per day, Plaintiffs received only straight time from defendants for these overtime hours.

13.     During the period that Plaintiffs were employed with Bhullars, defendants knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying Plaintiffs one and one half, or double of Plaintiffs' regular rate of pay.

14.     By not paying overtime wages in compliance with the state law, defendants violated Plaintiffs' rights under the law, specifically California Labor Code § 1194.

15.     As a direct and proximate result of defendants' failure to pay proper wages under the California Wage Orders, Plaintiffs incurred general damages in the form of lost overtime wages in the amount to be proved at trial.

16.     Defendants had been aware of the existence and requirements of the California Labor Code §§ 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due to them at the time their employment ended.

17.     Plaintiffs were required to retain attorneys for the purpose of bringing this action

3

1   and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California

2   Labor Code § 1194(a).

3   WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT TWO

*Violation of The Fair Labor Standards Ac,*

*29 U.S. C.§201, et seq.*

18.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-17 as if fully stated herein.

19.     At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and the Plaintiffs were an individual employees covered by virtue of their direct engagement in interstate commerce.

20.     FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

21.     Although Plaintiffs were not so exempt during their employment with Bhullars, defendants knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

22.     By not paying overtime wages in compliance with FLSA, defendants violated Plaintiffs' rights under FLSA.

23.     As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

24.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper pay, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA.

25.     Plaintiffs were required to retain attorneys for bringing this action and are entitled

4

to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA equal to their respective lost overtime wages.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT THREE

*Failure to Pay Minimum Wage*

*Cal. Code of Regulations § 11000*

26.     Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-25 as if fully restated hereinafter.

27.     At relevant times herein, plaintiffs' employment with Defendant Bhullars was subject to the minimum wage provisions under 8 Cal. Code of Regulations § 11000.

28.     During their employment with Bhullars, plaintiffs were paid in a fixed monthly salary that amounted to an hourly rate that was below the legally required minimum wages under 8 Cal. Code of Regulations § 11000.

29.     As a direct and proximate result of Defendants' failure to pay proper wages under the 28 Cal. Code of Regulations § 11000, Plaintiffs incurred general damages in the form of unpaid minimum wage in amounts to be proved at trial.

30.     Plaintiffs are thus entitled to the unpaid minimum wage and liquidated damage equal to the unpaid minimum wage, as well as to an award of reasonable attorneys fees pursuant to California Labor Code § 1194.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FOUR

*Failure to Provide Meal/Rest Periods*
*California Labor Code § 226.7*

31.     Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-30 as if fully restated hereinafter.

32.     At all relevant times herein, Plaintiffs' employment with Bhullars was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees

5

a ten minute rest period for every four hours worked and a thirty-minute meal break for every five hours worked, unless expressly exempted.

33.    During their employment with defendants Bhullars, Plaintiffs worked at least 10 hours a day, and were not provided any rest/meal periods as required by law.

34.    For each time that Plaintiffs were not provided the required rest or meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

35.    Plaintiffs are therefore entitled to payment, in an amount to be proved at trial with Defendant liable for an extra hour of pay for each meal and/or rest period missed by Plaintiffs. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FIVE

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code § 203*

36.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-35 as if fully stated herein.

37.    At the time Plaintiffs' employment with Bhullars terminated, defendants owed Plaintiffs in certain unpaid overtime wages.

38.    Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code § 203, up to 30 days of wages.

39.    As of this date these wages have not been paid, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages in an amount to be proved at trial. WHEREFORE, Plaintiffs pray for judgment as set forth below.

**COUNT SIX**

*For Restitution of Unpaid Overtime Wages*
*in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

40.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as if fully stated herein.

41.     At all times relevant herein, Plaintiffs' employment with Bhullars. was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.

42.     At all times relevant herein, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

43.     During the period Plaintiffs were employed with Bhullars, defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled from defendants, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

44.     By doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

45.     As a direct and proximate result of defendants' failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages to which they were legally entitled.

46.     Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully,

7

knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

47.    Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the defendants and demand as follows:

1. For compensatory damages in unpaid overtime wages;

2. For liquidated damages equal to unpaid overtime wages owed;

3. For damages arising out of failure to pay minimum wage;

4. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §§ 1194(a) & 218.5.

5. For additional wages for failure to provide required meal/rest periods as required by California law together with prejudgment interest of 10% per annum pursuant to California Labor Code § & 218.6;

6. For waiting time penalty damages of thirty days wages pursuant to California Labor Code § 203;

7. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA.

9. For costs of suit herein.

10. For such other and further relief as the Court may deem appropriate.

Dated:  October 7, 2007

DAL BON & WANG
ADAM WANG

By:  /s/ Adam Wang
        Attorney for Plaintiffs
        Rodolfo F Rufelas & Eva Romero Garcia

9