LAW OFFICES OF JOSEPH R. KAFKA
Joseph R. Kafka, Esq.  SB #139510
1541 The Alameda
San Jose, California 95126
Telephone: 408-993-8441
Facsimile:  408-279-0402

Attorney for Defendants
Jaswinder Bhullar & Mangal Bhullar

# UNITED STATES DISTRICT COURT

# FOR THE NORHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO RUFELAS and EVA ROMERO GARCIA, <br><br> Plaintiffs <br> v. <br><br> JASWINDER BHULLAR and MANGAL S. BHULLAR, <br><br> Defendants. | CASE NO.   C 07 5244 HRL <br><br><br> Date:     September 9, 2008 <br> Time:     10:30 a.m. <br> Court:    2 - Magistrate Judge Lloyd |

**NOTICE IS HEREBY** given of this **MOTION TO DISQUALIFY COUNSEL, BAR WITNESSES FROM TRIAL; AWARD ATTORNEY'S FEES AND FOR OTHER SANCTIONS** brought by the Defendants. The hearing will be held on September 9, 2008 at 10:30 a.m. in Courtroom 2 for Magistrate Judge Howard R. Lloyd, on the 5th Floor, 280 South First Street, San Jose, California.

**RELIEF SOUGHT BY MOTION:** The Defendants request orders from this court: (1) disqualifying counsel, Adam Wang, for the Plaintiffs from representing them in this action due to his conduct in possessing and using documents stolen from the Defendants; (2) barring witnesses who participated in the theft of the documents and barring the use of the documents; (3) awarding attorney's fees to the Defendants for their counsel's time to bring this motion before the court; and

MOTION TO DISQUALIFY COUNSEL    1

(4) for other sanctions that may be appropriate.

## POINTS & AUTHORITIES IN SUPPORT OF MOTION

**STATEMENT OF ISSUES:**

Whether counsel for the Plaintiffs should be disqualified from representing them in this action due to his improper conduct in possessing and using documents stolen from the Defendants. Whether the person or persons who stole the documents, and those that have used them, should be barred from testifying in this action due to their improper conduct. Whether counsel for the Plaintiffs should pay the Defendants for their counsel's time to bring this motion. Whether additional sanctions are appropriate ranging from the dismissal of the action to monetary fines.

**STATEMENT OF FACTS:**

The Plaintiffs were employed by the Defendants to cook and clean in their convenience store between 2006 and 2007. They left employment and brought an action against their former employers for alleged overtime wages and penalties for alleged missed rest and meal breaks. Their action was filed on October 12, 2007. Adam Wang has been their counsel.

Defendants sought any and all documents in support of their claims during discovery. The Plaintiffs responded there were no documents.

On August 11, 2008, the deposition of Mangal Bhullar was held in the office of Adam Wang. During the deposition, Mr. Wang removed a cash register roll from a box sitting on the floor of his conference room. The large box was filled with cash register rolls and other documents. Mr. Wang questioned Mr. Bhullar about rolls, asking him how his machine worked; how often the rolls were removed; how many machines were in the store; whether the rolls identified the types of items sold and whether the amount of sales could be determined from the rolls.

In addition to the box of cash register rolls, Mr. Wang had sheets of daily sales figures that he maintained showed the sales from Mr. Bhullar's store. Other documents may have been in the

MOTION TO DISQUALIFY COUNSEL    2

box, but were not used during the deposition.

Counsel for the Defendants told Mr. Wang the documents were stolen from the Defendant's store. During a break during the deposition, Mr. Wang or his staff removed the box from the conference room. He did not refer to them again during the deposition.

On August 12, 2008, the day following the deposition, counsel wrote a letter to Mr. Wang stating the box documents was stolen from the Defendants' store and it was a serious matter. He demanded a full itemization of the documents the attorney had in his office. On August 19, 2008, counsel wrote to Mr. Wang a second time and again demanded an itemization. On August 20, a third letter was sent demanding the documents be turned over him.

On August 20, Mr. Wang responded for the first time with an email. He stated that he would not return the documents since he was not sure they were stolen from the Defendants. Unless ordered by the court, he was not turning them over their counsel and he intended to copy all of them.

Another letter the next day from counsel for the Defendants to Mr. Wang instructed him to not copy the documents or study them. Counsel for the Defendants' reaffirmed, for the fourth time, that they were stolen from the Defendants' store.

This action is the second against the Defendants by former employees represented by Mr. Wang. On March 1, 2007, he filed suit on behalf of four other persons alleging overtime wages and penalties for alleged missed breaks.

The documents stolen from the Defendants could have been in his possession well before the second lawsuit was filed in October of 2007. He likely used them throughout this second lawsuit. Mr. Wang has not provided any information on how or when he came to possess them.

### DISTRICT COURTS HAVE INHERENT POWERS TO MANAGE THEIR OWN PROCEEDINGS AND TO CONTROL THE CONDUCT OF THOSE WHO APPEAR BEFORE THEM

Federal courts are vested with inherent powers enabling them to manage their cases and

MOTION TO DISQUALIFY COUNSEL    3

1  courtrooms effectively. As a function of this power, courts can dismiss cases in their entirety,
2  disqualify counsel, bar witnesses, award attorney's fees and assess fines. Aloe Vera of America, Inc.
3  v. U.S., 376 F.3d. 960 (9th Cir 2004)(subsequent determination 381 F.3d. 916). Courts have the
4  ability to punish conduct both within their confines and beyond, regardless of whether the conduct
5  interfered with trial. F. J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc., 244 F.3d.
6  1128 (9th Cir. 2001). District courts may impose sanctions as part of their inherent powers. In re
7  Napster, Inc. v. Copyright Litigation, 462 F.Supp.3d. 1060 (N.D.Cal. 2006)(power invoked to
8  address destruction of evidence).
9
10      When an allegation is made that an attorney has violated his moral and ethical responsibility,
11 important questions of professional ethics are raised. It is the duty of the court to examine the
12 charge. Erickson v. Newmar Corp., 87 F.3d. 298 (9th Cir 1996). In that decision, the defense
13 attorney had spoken with the expert for the plaintiff and misled the court concerning his conduct.
14 The court had the ability to disqualify the lawyer, order a new trial, issue sanctions and determine
15 appropriate disciplinary action.
16
17      A lawyer licensed in the state of California has an ethical duty to immediately disclose the
18 receipt of privileged or confidential documents and must refrain from examining the materials any
19 more than is necessary. "When a lawyer who receives materials that obviously appear to be subject
20 to an attorney-client privilege or otherwise appear to be confidential and privileged and where it is
21 reasonably apparent that the materials were provided or made available through inadvertence, the
22 lawyer receiving such materials should refrain from examining the materials any more than is
23 essential to ascertain if the materials are privileged, and shall immediately notify the sender that he
24 or she possesses the material that appear to be privileged." State Comp. Ins. Fund v. WPS, Inc., 70
25 Cal.App.4th 644, 656-657 (1999)
26
27
28

MOTION TO DISQUALIFY COUNSEL     4

The California Supreme Court in Rico v. Mitsubishi Motors Corporation, 171 P3d. 1092, 68 Cal.Rptr.3d. 758 (2007) disqualified a lawyer for using documents subject to attorney work product privilege. The lawyer had an ethical duty to not use the documents and to return them to opposing counsel. The court earlier ruled that a lawyer has an obligation to not only protect his client's interests, but also to respect the legitimate interests of fellow members of the bar, the judiciary and the administration of justice. Kirsch v. Duryea, 21 C.3d. 303, 304 (1978). Disqualification is not appropriate when the lawyer is innocent and acts ethically after the discovery of the issue. Collins v. State, 121 Cal.App.4th 1112 (2004).

Under California law, a right of privacy exists as to a party's confidential financial affairs even when the information is relevant to the issues in litigation. Cobb v. Superior Court, 99 Cal. App.3rd. 550 (1979).

In the present case, a box of original financial documents taken from Defendants' store were given to Mr. Wang, undoubtedly from a former employee of the Defendants. The documents were clearly stolen since they were original cash register rolls, and other documents, and the employee had no right to possess them. It is clear that the documents did not inadvertently come to Mr. Wang through counsel for the Defendants. He came into possession through sinister means.

Pursuant to the foregoing authority, Mr. Wang was obligated to look at them only to determine whether they were confidential. He then had to immediately return them to the Defendants. Rather than following his ethical obligations, Mr. Wang kept his possession of the documents a secret throughout this action. He then used them during a deposition. When he was instructed to itemize exactly what he had and return them to counsel for the Defendants, he refused. He indicated the documents would be copied for use in the lawsuit (to assist in establishing the "enterprise" element for a FLSA claim).

It is clear that Mr. Wang has substantially passed the innocent and ethical standard for

MOTION TO DISQUALIFY COUNSEL    5

whether or not he should be disqualified. <u>Collins v. State.</u> He came into possession through a thief, kept the documents a secret, sprung them on Mr. Bhullar during a deposition and rather than itemizing and returning them when instructed by counsel, he has decided to copy them for use at trial. He indicated that only after an order from the court would he do anything different. Making matters worse for himself, he disingenuously maintained that he wasn't sure the documents were stolen. His conduct has been a violation of the ethical duties every lawyer must follow for the benefit of fellow lawyers, the judiciary and the administration of justice.

**Remedies to Fully Address Improper Conduct of Counsel and Plaintiffs**

Defendants request that this court determine the facts of what happened, including a description of all documents in Mr. Wang's possession, in order that the person or persons, in addition to Adam Wang, are subject to appropriate orders from this court.

**1. Disqualify Adam Wang**

His conduct has permeated the entire action from the being. He should be disqualified for failing to follow the obvious ethical responsibilities any lawyer would know to follow. His entire law firm and partner (Dal Bon at the beginning of this action) should be disqualified. Allowing others lawyers in his firm to carry on the case, with him in the background, would not carry through the consequences that must be felt for his conduct.

**2. No Attorney's Fees**

Once Mr. Wang is disqualified, he should be barred from making any claim for attorney's fees and costs in the event a judgment is awarded in favor of the Plaintiffs. His time should not be included in any motion for attorney's fees. His conduct must result in the loss of being paid through an attorney's fees award against the Defendants. In addition, it would damage the innocent Defendants to pay his fees and those of a successor lawyer for duplicative services.

MOTION TO DISQUALIFY COUNSEL    6

### 3. Dismissal of the Action

In the event the Plaintiffs were involved in the theft of the documents or the efforts to keep them secret, rather than disclose the documents to the Defendants, this action should be dismissed with prejudice. A dismissal of the wrongdoer's claims is justified to address such conduct.

### 4. Bar the Use of the Documents and All Fruits of the Theft

The box of documents should not be used in this action against the Defendants for any purpose. That should include any fruits of the documents obtained by the underlying theft. Mr. Wang has justified, in part, keeping the documents to prove the "enterprise" element for a Fair Labor Standards Act claim. The documents should not be used for any reason, otherwise the theft has served its purpose.

### 5. Bar Witness Testimony

The person or persons involved in the theft, and keeping the documents secret, must be barred from testifying at trial. No testimony should be allowed at trial from them.

### 6. Payment of Sanctions to the Defendants

Mr. Wang should be sanctioned and required to pay the attorney's fees the Defendants have incurred for their counsel to bring this motion, review the opposition and attend the hearing. His actions required the motion and he indicated that only due to a court order would he do anything different. The Declaration of counsel places those fees at $7,000. Payment should be required before the start of the trial on September 22.

### 7. Other Sanctions

Additional sanctions may be appropriate and within the power of the court to award in order to correct this serious situation.

## CONCLUSION

The serious misconduct of the lawyer for the Plaintiffs requires action by this court.

MOTION TO DISQUALIFY COUNSEL    7

1 Disqualification, the bar of witnesses and the use of these documents and monetary sanctions
2 should be ordered.

3 Dated: September ___, 2008

LAW OFFICES OF JOSEPH R. KAFKA

_____
Joseph R. Kafka, Esq.
Counsel for Defendants

MOTION TO DISQUALIFY COUNSEL    8