LAW OFFICES OF JOSEPH R. KAFKA
Joseph R. Kafka, Esq.  SB #139510
1541 The Alameda
San Jose, California 95126
Telephone: 408-993-8441
Facsimile:  408-279-0402

Attorney for Defendants
Jaswinder Bhullar & Mangal Bhullar

# UNITED STATES DISTRICT COURT

# FOR THE NORHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO RUFELAS and EVA ROMERO GARCIA,<br><br>Plaintiffs<br>v.<br><br>JASWINDER BHULLAR and MANGAL S. BHULLAR,<br><br>Defendants. | CASE NO.   C 07 5244 HRL<br><br>DEFENDANTS' TRIAL BRIEF<br><br>Date:      September 22, 2008<br>Time:<br>Magistrate Judge Howard R. Lloyd |

## INTRODUCTION

Mr. & Mrs. Bhullar, the Defendants, operate the Happy Hollow Market, a very small convenience store in San Jose, California. The husband and wife have operated it since 2003. They work in the business seven days a week, fourteen hours a day, and have two shifts of part-time employees to help them.

Two former employees, the Plaintiffs, brought this action for alleged overtime wages and penalties for alleged missed rest and meal breaks. Mr. Rufelas worked part-time stocking shelves, cleaning and preparing food. He never worked more than 8 hours a day or 40 hours a week. He had another job while working for the Bhullars. Ms. Romero Garcia worked no more than 40 hours a week (never more than 8 hours a day) in a lunch truck permanently parked next to

DEFENDANTS' TRIAL BRIEF     1

the store. She too had another job while working for the Bhullars. When she left employment, the lunch truck was shut down due to a lack of business. Mr. & Mrs. Bhullar fairly and fully paid their wages and allowed the breaks required by state law. Therefore, nothing is owed to them.

The Plaintiffs claims are state law claims based upon California wage and hour rules. This action was filed in federal court alleging violation of the Fair Labor Standards Act of 1938; however, the FLSA does not apply to these individuals cooking and cleaning in a small store. They further allege violation of California Business & Professions Code 17200, the California Unfair Trade Practices Act. Their allegations seek overtime wages; liquidated damages per the FLSA to double them and restitution under B & P Code 17200 to triple them. On top of triple damages, they claim prejudgment interest must be awarded. The law does not support the types of damages the Plaintiffs are making.

The Plaintiffs' claims for overtime wage, minimum wage and rest/meal break are without merit since they worked no overtime and breaks were taken. Furthermore, they have falsely claimed they were employed for 4-5 months longer than they were actually employed. The evidence will support the Bhullars that nothing is owed to them.

**STATEMENT OF FACTS**

Happy Hollow Market is a small business housed in a 1,300 sq. ft. building located in a commercial area of San Jose on Senter Road. The business is patterned after a 7-11 selling pickup items, like drinks, candy, chips and incidentals. It is the size of a typical 7-11 store. There are no grocery carts. There is one cash register. BBQ meats are sold from a small food counter. Outside the store, a lunch truck is permanently parked. From that truck, breakfast and lunch foods were prepared and sold to customers from Monday to Friday. It has not been used for a year.

Mr. and Mrs. Bhullar own and manage the store. They are open 7 days a week from 6 a.m. to 8 p.m. Their teenage son also helps when not in school. The store does most of its business

DEFENDANTS' TRIAL BRIEF    2

between 10 to 3. By late afternoon, business is dead since workers at nearby businesses have gone home for the day.

Similar to a 7-11, the store is set up to be efficient with labor. Two employees typically work in the store along with Mr. Bhullar. There are two shifts of employees during the day. The small store does not require any more labor.

Employees are paid twice monthly by check, never in cash. A paycheck stub lists the number of hours worked, the rate of pay, and deductions.

### Claims by Rodolfo Rufelas

#### A. The Period of Employment

He was employed from February 15, 2006 through March 30, 2007, a period of 13 ½ months. These dates are verified by the payroll records. Despite the actual dates of employment, he claims to started work on January 1, 2006 and terminated work on August 30, 2007. He is making a claim for approximately 5 ½ months that he never worked.

#### B. Hours Worked Per Week

He worked a four hour shift during the late afternoon and into the early evening – 4 p.m. to 8 p.m. His job duties were food counter, stocking and cleaning. Another employee had the same duties earlier in the day.

The plaintiff makes the claims that he worked 14 or so hour days, seven days a week. He is making a false claim. His claim is contradicted by time cards showing his 4 hour shift 5 days some week and 6 days others.

#### C. Rest and Meal Breaks

He was allowed breaks and took them. The store was never so busy that breaks were not available to be taken. He smoked and took breaks to have a cigarette. His 4 hour shift exempted him from a lunch break.

DEFENDANTS' TRIAL BRIEF    3

**Claims by Eva Romero Garcia**

**A. Period of Employment**

She was employed from February 2006 until September of 2007, a period of 19 months. The period of employment is verified by the paycheck stubs. The plaintiff claims to have started work in October of 2005. She is making a false claim for approximately 4 months that she never worked.

**B. Hours Worked Per Week**

She worked five days a week in the catering truck from 7 a.m. to 3 p.m. for a total of 40 hours. Her time cards for 2007 establish this schedule.

The Plaintiff claims she worked from 6 a.m. to 4 p.m. or 10 hours a day from October 2005 until January of 2007. She actually worked from 7 a.m. to 3 p.m., only 8 hours a day.

**C. Rest and Meal Breaks**

She received those breaks and was never so busy that time did not exist to take them. Her time cards indicate that she had the breaks.

## ARGUMENT

## THE FAIR LABOR STANDARDS ACT OF 1938 DOES NOT APPLY

The FLSA provides that "no employer shall employee any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation . . . at a rate of no less than one and one half times the regular rate." 29 U.S.C. Section 207(a)(1).

An employer is subject to FLSA's maximum hours provisions if (1) the employee individually was engaged in commerce or in the production of goods for commence or (2) the employer was an enterprise engaged in commerce or in the production of goods for commerce regardless of whether the individual employee was so engaged.

In the present situation, the two Plaintiffs were employed to cook and clean in a small

DEFENDANTS' TRIAL BRIEF    4

store. They were not individually engaged in commerce or the production of goods for commerce. Neither Plaintiff can establish individual coverage under the FLSA due to their job duties.

In <u>Thorne v. All Restoration Services. Inc.</u>, 448 F.3d. 1264 (11th Cir. 2006), the employee worked for a company that performed mold and water damage restoration work. His work did not meet the standards of individual coverage. To be engaged in commerce required direct participation in the actual movement of persons or things in interstate commerce by working in transportation or by regularly using the instrumentalities of interstate commerce, such as telephone, mail or travel. The employee could not make that showing. The court further found the employee was not engaged in the production of goods for commence. That required work closely related and directly essential to the production of goods for commence.

Similarly in <u>Sobrinio v. Medical Center Visitor's Lodge, Inc.,</u> 474 F.3d. 828 (5th Cir. 2007), the court determined an employee working as a janitor for a motel near a medical center was not individually subject to the FLSA. It was the employee's burden of prove that the FLSA applied.

Pursuant to 29 U.S.C. 203 (s)(l), an enterprise engaged in commerce or the production of goods means that the enterprise has employees engaged in commerce or in the production of goods or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. In addition, the enterprise must have annual gross volume sales of not less than $500,0000.

The Defendants' store does not meet the definition of enterprise. The annual sales volume is not $500,000.

The FSLA provides for liquidated damages in an amount equal to the unpaid overtime. 29 U.S.C. 216 (b). The Portal to Portal Act, 29 U.S.C. 260, made doubling the damages discretionary rather than mandatory. An employer that demonstrates it acted in good faith (subjectively and objectively) when violating the FLSA is not subject to liquidated damages. Prejudgment interest

DEFENDANTS' TRIAL BRIEF    5

is normally awarded in lieu of liquidated damages. <u>Ford v. Alfaro,</u> 785 F.2d. 835, 842 (9th Cir. 1986); <u>Caldman v. State of California</u>, 852 F.Supp 899 (E.D.CA 1994). The FLSA does not permit successful plaintiffs to obtain liquidated damages and prejudgment interest. <u>Uphoff v. Elegant Bath, Ltd.,</u> 176 F.3d. 399 (7th Cir. 1999).

## CALIFORNIA STATE LAW WAGE & HOURS RULES FOR OVERTIME

California Labor Code section 1173 grants the Industrial Welfare Commission (IWC) the broad mandate to regulate the working conditions of employees in California, including the maximum hours, working conditions and overtime compensation. The IWC has promulgated 17 different Wage Orders. <u>Industrial Welfare Commission v. Superior Court,</u> 27 Cal.3d. 690 (1980).

Wage Order 5 – 2001 Pubic Housekeeping applies to employees working at lunch counters. Wage Order 7 – Mercantile applies to employee working in selling goods at retail. Both Wage Orders provide that overtime is owed when an employee works more than 8 hours in one day and 40 hours in one week.

### Overtime Rate

California Labor Code section 510 provides that overtime be paid for hours in excess of 8 in one day and 40 in one week. The overtime rate is one and one half times the regular rate of pay. The Plaintiffs were paid an hourly rate of $6.75. The overtime rate would be $10.125. Labor Code Section 515 (d).

### Exclusive Remedy Bars State Law Claims

An employee cannot maintain both a FLSA claim for overtime and a state law claim for overtime. The FLSA is an exclusive remedy. <u>Roman v. Maietta Construction, Inc.,</u> 147 F.3d. 71 (1st Cir. 1998). Therefore, these Plaintiffs cannot claim overtime wages under both the FLSA and state law.

### BURDEN OF PROOF STANDARD FOR DETERMINING UNPAID OVERTIME PAY

DEFENDANTS' TRIAL BRIEF   6

An employee has the burden to prove he is entitled to unpaid overtime. Where an employer does not have accurate payroll records, the employee carries that burden under the FLSA when (1) he shows he performed work in which he was not properly compensated and (2) produces some evidence to show the amount and extent of that work "as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187 (1946).

Once the employee establishes a prima facie case, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to negate the reasonable inference to be drawn from the employee's evidence. McLaughlin v. Ho Fat Seto, 850 F.2d. 568 (9th Cir. 1988).

If the employer produces evidence of either the hours of work performed by the employee or evidence that negates the reasonable inference to be drawn from the employee's evidence, then the employee does not recover any overtime wages. If the employer fails to produce such evidence, the court may award damages to the employee although the result is an approximate.

In McLaughlin v. Ho Fat Seto, the employee provided testimony sufficient to satisfy the standard of "a matter of just and reasonable inference." The employer did not have accurate records. The employer was unable to negate the reasonableness of the inference to be drawn from the employee's evidence. The employer's evidence consisted of several witnesses testifying about the hours of employment. The district court determined the employer's witnesses were not credible.

In the present lawsuit, the Plaintiffs will testify as to the alleged dates of employment and the number of hours worked each day. If their testimony withstands cross-examination, the court may determine the standard of "just and reasonable inference" was met. The Defendants will then provide their evidence to show the actual dates of employment and the hours worked each day. That evidence will negate reasonableness of the inferences from the Plaintiffs' testimony. It will

DEFENDANTS' TRIAL BRIEF    7

shown that they are unreliable and are not credible. Their claims will be unsuccessful.

## BUS. & PROF. CODE SECTION 17200 CLAIM

The Plaintiffs have alleged violation of the California Business and Professions Code Section 17200 concerning unfair business practices. They seek restitution of overtime wages.

This claim for overtime is barred since the FLSA provides the exclusive remedy. In the event the FLSA is not applicable to this action, the Section 17200 claim effectively adds nothing to their state law claim (under Labor Code 510) for overtime wages. Section 17200 does not double the Plaintiffs damages.

## REST AND MEAL BREAKS PER LABOR CODE SECTIONS

### Rest Breaks

Labor Code section 226.7 (a) provides that "no employer shall require any employee to work during any meal or rest period mandated by an applicable wage order." The IWC wage order applicable to the Defendants' business indicates that a rest period shall be permitted at the rate of ten (10) minutes per four (4) hours of work.. A rest period need not be authorized for daily work of less than 3 ½ hours.

The Plaintiffs took many 10 minute rest breaks during the hours they worked for the Defendants since the store and lunch truck were never continuously busy. Mr. Rufelas smoked and took several 10 minute breaks to smoke. The lunch truck had little business (and was ultimately shut down due to a lack of business). Ms. Romero Garcia had many 10 minute breaks from work.

### Meal Breaks

Labor Code section 512 (a) provides that "an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . "

Mr. Rufelas worked less than 5 hours each day, therefore, he was not entitled to meal breaks.

DEFENDANTS' TRIAL BRIEF     8

Ms. Romero Garcia had 30 minute meal breaks offered to her by the Defendants and she regularly took them. She was never forced to miss the meal break. Defendants provided free food and drinks to their employees for the meal break.

There is no requirement that the employer "ensure" that the meal breaks are taken. The burden is on the employee to prove he or she was "forced to miss" the breaks. White v. Starbucks Corp., 497 F.Supp.2d 1080, 1088 (N.D.Cal. 2007).

The state appellate court in Brinker Restaurant Corp. v. Superior Court, 2008 DJDAR 11267, 11279 (opinion issued July 23, 2008) examined the issue of whether an employer had to ensure that employees took meal breaks. The court followed the reasoning of Starbucks. "We . . . conclude that employers need not ensure meal breaks are actually taken, but need only make them available."

The Bhullars never forced employees to miss meal or rest breaks. The employees were allowed the breaks and took them. The small store was never continuously busy so breaks could not be taken and there were always two people working so one could take a break.

## LABOR CODE 203 WAITING TIME PENALITIES

California Labor Code section 201 provides that when an employer discharges an employee, the wages earned are immediately payable. Section 202 provides that when an employee quits without giving 72 hours notice, the wages earned are payable within 72 hours.

When an employer fails to pay wages when due to a former employee, per 203 a waiting time penalty may be owed. It states: "If an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wage of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wage shall not continue for more than 30 days."

In this action, the Bhullars paid each Plaintiff his or her final paycheck on time. They did not violate section 201 or 202. The Plaintiffs claim they were owed overtime wages and since those

DEFENDANTS' TRIAL BRIEF    9

wages were not paid, they are entitled to the waiting time penalty of section 203. The Defendants maintain that section 203 is inapplicable to this action for alleged unpaid overtime. They are supported by the Division of Labor Standards Enforcement Policies and Interpretation Manual.

Section 4.1 of the Manual states the following: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of such employee shall continue as a penalty . . .

In this action, the Defendants have not violated any of these sections (201.5 refers to motion picture employees and 205.5 refers to agricultural employees). The section for overtime, 510, is not listed. Therefore, section 203 penalties would not apply to an overtime claim.

Section 4.2 of the Manual states the following concerning the definition of "willfully": "The definition of "willful" for purposes of Labor code section 203 has been determined by the California courts and is summarized in Title 8, California code of Regulations, section 13520: A willful failure to pay wages within the meaning of Labor Code section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203. A 'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact, which, if successful, would preclude any recovery on the part of the employee. That facts that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of 'good faith dispute.' (8 C.C.R. section 13520).

The Bhullars believe that overtime wages are not due since the Plaintiffs did not work overtime. Their defense is made in good faith and will be supported by their evidence.

DEFENDANTS' TRIAL BRIEF    10

Lastly, in the event the FLSA is applicable to this claim, then it is the exclusive remedy and the Plaintiffs may not bring this state law claim to add to their damages. It would be duplicative and unjust to award liquidated damages or prejudgment interest under the FLSA and then to award waiting time penalties under section 203.

## MINIMUM WAGE CLAIMS

The Bhullars paid the Plaintiffs the California minimum wage of $6.75 per hour (as required since 1/1/2002) during 2006. When the minimum wage increased to $7.50 per hour on 1/1/2007, they paid the Plaintiffs the higher wage. The rate of pay is stated on their paycheck stubs. The Plaintiffs worked less than 8 hours a day and were paid for all their hours. Therefore, minimum wages are not owed.

Labor Code section 1194.2 provides for liquidated damages in an amount equal to the wages not paid. Such an award is discretionary. A court may refuse an award when the employer acted in good faith and had reasonable grounds for believing they were not in violation of the law.

The Defendants fully and fairly paid their employees. They have acted reasonably and in good faith.

## CONCLUSION

The Plaintiffs have brought claims that are without merit since they never worked overtime. All breaks were available to them and the employees took them with free food and drinks. The Plaintiffs allege employment for months they never worked which are contradicted by their paycheck stubs. They will be contradicted by witnesses at trial.

A judgment for the Defendants is warranted in this matter. Nothing is owed to the Plaintiffs.

Dated: September ___, 2008        LAW OFFICES OF JOSEPH R. KAFKA

_____
Joseph R. Kafka, Esq.
Counsel for Defendants

DEFENDANTS' TRIAL BRIEF    11