LAW OFFICES OF JOSEPH R. KAFKA
Joseph R. Kafka, Esq.  SB #139510
1541 The Alameda
San Jose, California 95126
Telephone: 408-993-8441
Facsimile:  408-279-0402

Attorney for Defendants
Jaswinder Bhullar & Mangal Bhullar

# UNITED STATES DISTRICT COURT

# FOR THE NORHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO RUFELAS and EVA ROMERO GARCIA,<br><br>Plaintiffs<br>v.<br><br>JASWINDER BHULLAR and MANGAL S. BHULLAR,<br><br>Defendants. | CASE NO.   C 07 5244 HRL |

**PROPOSED FINDINGS OF FACT and CONCLUSIONS OF LAW** submitted by the Defendants.

**FINDINGS OF FACT**

1.     Jaswinder Bhullar and Mangal Bhullar own the Happy Hollow Market. It is a small convenience store located in San Jose, California. The Defendants employee people to work in the store with them.

2.     Eva Romero Garcia was employed by the Bhullars to work for them in the store. She began work on February 15, 2006. Her work duties were to cook and serve food in a lunch truck that was permanently parked outside the store.

3.     Eva Romero Garcia worked five days a week, Monday through Friday, while

DEFENDANTS' PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW     1

employed by the Bhullars. She began work at 7 a.m. and ended work at 3 p.m. The lunch truck was open to serve breakfast and lunch. She worked eight hours a day; five days a week for a total of 40 hours in a week. She was not entitled to overtime wages. This schedule is supported by time cards for the period of May through September of 2007, for which no claim for overtime wages was made in his action.

4.     During her eight hour daily work schedule, the Defendants made available to Eva Romero Garcia a 10 minute rest break every four hours. There were frequent lulls in business for food served from the lunch truck which allowed her to take the breaks at her discretion. During the day, she had available a 30 minute meal break. The meal break was taken at her discretion. This schedule is supported by the time cards for the period of May through September 2007, for which no claim for missed breaks was made in this action.

5.     The last day of employment for Eva Romero Garcia was on or about September 15, 2007.

6.     Rodolfo Rufelas began employment with the Bhullars on February 15, 2006. His work duties were to clean and stock shelves in the store. He also cooked meats and took customer orders at the food counter.

7.     Rodolfo Rufelas worked five days and sometimes 6 days a week, Monday through Saturday, while employed by the Bhullars. He generally worked the afternoon shift and began work at 4 p.m. and ended work at 8 p.m. The store closed at 8 p.m. He worked 4 hours a day, five to six days a week for a total of 20 to 24 hours a week. He was not entitled to overtime wages. This schedule is supported by time cards for a period in December of 2006 (for which he still claimed overtime wages).

8.     During his four hour daily work schedule, the Defendants made available to Rodolfo Rufelas a 10 minute rest break every four hours. There were frequent lulls in business at the store

DEFENDANTS' PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW    2

which allowed him to take the break at his discretion. He smoked cigarettes and took breaks to smoke.

9. The last day of employment for Rodolfo Rufelas was March 30, 2007.

**CONCLUSIONS OF LAW:**

1. The Fair Labor Standards Act of 1938 (FLSA) provides that no employer shall employee any employee for longer than 40 hours in a workweek. 29 U.S.C. Section 207 (a)(1). An employer is subject to the FLSA if the employee is individually engaged in commerce or in the production of goods for commerce or the employer was an enterprise engaged in commerce or in the production of goods for commerce regardless of whether the employee was so engaged. An enterprise must have annual gross volume sales of not less than $500,000.

2. The Plaintiffs were not subject to the FLSA since individually their work to cook and clean did not meet the definition.

3. The Defendants were not subject to the FLSA an enterprise since the annual sales volume was less than $500,000.

4. The FLSA provides for liquidated damages equal to the amount of the overtime wages. 29 U.S.C. 2216 (b).

5. The Portal to Portal Act makes the doubling of damages discretionary rather than mandatory. 29 U.S.C. 260.

6. An employer that acts in good faith when violating the FLSA is not subject to liquidated damages. Prejudgment interest in normally awarded in lieu of liquidated damages. The FLSA does not permit successful Plaintiffs to obtain liquidated damages and prejudgment interest. Ford v. Alfaro, 785 F.2d. 835 (9th Cir. 1986); Caldman v. State of California, 852 F.Supp. 899 (E.D.CA 1994); Uphoff v. Elegant Bath, Ltd., 176 F.3d. 399 (7th Cir. 1999).

7. The FLSA is an exclusive remedy. Plaintiffs cannot claim overtime wages both

DEFENDANTS' PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW    3

under the FLSA and state law. Roman v. Maietta Construction, Inc., 147 F.3d. 71 (1st Cir. 1998).

8. The burden is on the employee to prove he is entitled to overtime wages. Where an employer does not have accurate payroll records, the employee carries that burden when he shows he performed work in which he was not properly compensated and produces evidence to show the amount and extent of work as a matter of just and reasonable inference. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187 (1946).

9. Once the employee establishes a prima facie case, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to negate the reasonable inference to be drawn form the employee's evidence. Anderson. If the employer produces evidence that negates the reasonable inference to be drawn from the employee's evidence, the employee does not recover any overtime wages. McLaughlin v. Ho Fat Seto, 850 F.2d. 568 (9th Cir. 1988).

10. California Bus. & Prof. Code section 17200 provides for restitution. When a violation of section 17200 is proven, restitution may be ordered. It does not double the amount of damages proven.

11. California Labor Code section 226.7 provides that an employer shall not require an employee to work during a meal or rest break. Rest breaks of 10 minutes are required for every four hours of work.

12. California Labor Code section 512(a) provides that an employee shall not employ an employee for a work period of more than five hours per day without providing a 30 minute meal period.

13. There is no requirement that the employer ensure that meal breaks are taken. The burden is on the employee to prove he was forced to miss the breaks. White v. Starbucks Corp., 497 F.Supp.2d. 1080 (N.D.CA 2007).

DEFENDANTS' PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW    4

14. California Labor Code section 203 provides for waiting time penalties when Labor Code sections 201, 201.5, 202 or 205.5 are violated. Plaintiffs have not alleged a violation of any of these sections.

15. Waiting time penalties are not awarded unless the employer acted willfully in not paying the wages. A willful failure to pay wages occurs when an employer intentionally fails to pay wages when those wages are due. A good faith dispute that any wages are due will preclude the imposition of waiting time penalties under section 203. A good faith dispute is present when an employer presents a defense, based in law or fact, which if successful would preclude any recovery on the part of the employee. That fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of good faith dispute. 8 C.C.R. section 13520; section 42 Division of Labor Standards Enforcement Policies and Interpretation Manual.

16. California law provided for a minimum wage of $6.75 from 1/1/2003 until 1/1/2007. The minimum wage became $7.50 on 1/1/2007.

17. California Labor Code section 1194.2 provides for liquidated damages in an amount equal to the minimum wages not paid. An award is discretionary. A court may not award liquidated damages when the employer acted in good faith and had reasonable grounds for believing they were not in violation of the law.

Dated: September ___, 2008

LAW OFFICES OF JOSEPH R. KAFKA

_____
Joseph R. Kafka, Esq.
Counsel for Defendants