ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiffs
RODOLFO F RUFELAS AND EVA ROMERO GARCIA

Joseph R. Kafka, SB 139510
LAW OFFICES OF JOSEPH R. KAFKA
1541 The Alameda
San Jose, CA 95126
Tel: (408) 993-8441
Fax: (408 279-0402

Attorney for Defendants
Jaswinder Bhullar & Mangal Bhullar

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| RODOLFO F RUFELAS AND EVA ROMERO GARCIA,<br><br>Plaintiffs,<br>vs.<br><br>JASWINDER BHULLAR, MANGAL S BHULLAR, & DOES 1 through 10 ,<br><br>Defendants, | Case No.: C07-5244 HRL<br><br>JOINT PRE-TRIAL STATEMENT<br><br>Date: September 16, 2008<br>Time: 1:30 AM<br>Judge: Honorable Howard R. Lloyd |
|---|---|

A.   **Substance of Action**:

Defendants JASWINDER BHULLAR and MANGAL S BHULLAR, doing business as Happy Hollow Market ("the Market"), own and operate a number of convenience stores, lunch counters, and catering trucks in South Bay Area. Plaintiffs RODOLFO F RUFELAS and EVA ROMERO GARCIA were employed at the Market on a salary basis.

                                                        1           **Case No.**   C07-5244 HRL

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.

In this wage and hour action, Plaintiffs claim that they worked in excess of 8 hours a day and 40 hours a week on regular basis.  Plaintiffs claim that they were not paid the one and one half of their regular rate of pay for the overtime hours worked, and seeks unpaid overtime pay and liquidated damages under Fair Labor Standards Act ("FLSA").  Plaintiffs also claim they were not provided with required meal breaks and rest periods, and seek premium pay for missed meal breaks under California Labor Code § 226.7.  Plaintiffs further seek waiting time penalties under California Labor Code § 203 for failure to pay all wages due upon the termination of their employment with Defendants.  Plaintiffs further seek restitution under California and Business Professions Code § 17203 for unpaid wages.  Finally, Plaintiffs seek mandatory interest on unpaid wages under California Labor Code § 218.6.

Defendants maintain that the Plaintiffs were employed to cook and clean in their store called the Happy Hollow Market (Ms. Garcia cooked in a lunch truck parked outside the store). The Plaintiffs actual length of employment was shorter than they have alleged. The Plaintiffs worked no more than 8 hours each day and no more than 40 hours each week. They were paid by check for their wages twice each month. Rest and meal breaks were made available to the Plaintiffs, they were not hampered in taking them and the breaks were taken by the Plaintiffs. Defendants maintain that the Plaintiffs were fully and fairly paid for the hours they worked and they are not entitled to any damages.

**B.    Stipulations:**

Plaintiffs and Defendants agree that Plaintiffs were at some point and for some time employees of Defendants.

Plaintiffs request the following stipulations:

1. Plaintiffs were paid on a salary basis;
2. Plaintiffs worked over 8 hours and some weeks in excess of 40 hours on regular basis;

3. Plaintiff EVA ROMERO began employment with Defendants in late October or early November, 2005;

4. Plaintiff EVA ROMERO terminated employment with Defendants on September 16, 2007;

5. Plaintiff RODOLFO RUFFELAS began employment with Defendants in January or early February, 2006;

6. Plaintiff RODOLFO RUFFELAS terminated employment with Defendants on August 20, 2007;

7. Plaintiffs were never paid overtime pre

The Defendants will stipulate to the following:

1.      Rodolfo Rufelas was an employee of the defendants. He was employed to cook and clean in the store called the Happy Hollow Market. His dates of employment were February 2006 to March 30, 2007.

2.      Eva Romero Garcia was an employee of the defendants. She was employed to cook in lunch truck parked outside the Happy Hollow Market. The truck did not move. She worked five days a week, Monday through Friday. Her dates of employment were February 2006 to September 15, 2007.

**C.    Disputed Factual Issues:**

1. Whether Defendants have maintained accurate time records and payroll records for Plaintiffs;

2. The length of time that Plaintiffs have worked for Defendants;

3. Specifically, for Plaintiff EVA ROMERO, whether or not Plaintiff began employment in late October or early November 2005, or February 2006;

4. Whether or not Plaintiff EVA ROMERO for any period was paid entirely in cash;

3             **Case No.**    C07-5244 HRL

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.

5. Whether or not Plaintiff RODOLFO RUFFELAS began his employment with Defendants in January 2006 or February 2006;

6. Whether or not Plaintiff RODOLFO RUFFELAS terminated his employment with Defendant in March 2007 or on August 30, 2007;

7. Whether or not Plaintiff RODOLFO RUFFELAS for any pay period was paid entirely in cash;

8. Whether or not Plaintiffs were employed on a salary basis;

9. Whether or not Defendants regularly maintained regular time cards for Plaintiffs and whether or not any alleged time cards were actually used by Plaintiffs to clock in-and-out on a regular basis.

10. Whether or not the few time records produced by defendants accurately reflect the hours worked on the days represented by the cards, if these cards represent at all any regular practice of Defendants, and if the time cards are at all legitimate.

11. If the Court finds that Defendants have failed to maintain the adequate time records, whether or not the number of hours Plaintiffs claim to have worked can be reasonably drawn from the evidence proffered as a matter of inference.

12. How much, if any, Plaintiffs are owed in unpaid overtime.

13. Whether Plaintiffs were provided any undisturbed 30-minute meal breaks or any 10-minute rest periods.

14. How much, if any, Plaintiffs are owed in unpaid meal period premiums.

The Defendants believe the following additional factual issues exist:

15.     Whether the Plaintiffs were involved in stealing records and/or destroying records of the Defendants that are related to the issues in this action.

16.     Whether any witnesses of the Plaintiffs were involved in stealing records and/or destroying records of the Defendants that are related to the issues in this action.

4     **Case No.**     C07-5244 HRL

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.

17. Whether the Plaintiffs are able to establish a prima facie case concerning the alleged overtime hours they worked.

18. Whether the work done by the Plaintiffs, to cook and clean, subjects the Defendants to the FLSA.

19. Whether the $500,000 threshold and other factors have been met to subject the Defendants to the FLSA.

20. Whether the Defendants acted in good faith in not paying overtime (assuming it was owed) with respect to the FLSA liquidated damages provision.

21. Whether the Defendants acted in good faith in not paying overtime wages (assuming it was owed) at the time Plaintiffs employment was terminated with respect to California Labor Code section 203.

**D.      Disputed legal issues:**

1. Whether the burden-shifting scheme devised under the case of *Anderson v. Mt. Clements Pottery Co.* 328 U.S. 680 (1946) should apply to require Defendants to refute the reasonableness of Plaintiff's claim for damages.

2. If Defendants have met their burden to prove any of the affirmative defenses raised in the answer to the Complaint.

Defendants believe the following additional legal issues exist:

3. Whether the FLSA (Fair Labor Standards Act) applies to the parties in this action.

4. When applying the FLSA, whether a Court may award both liquidated damages and prejudgment interest.

5. Whether the FLSA is the exclusive remedy available to the Plaintiffs disallowing state law claims for overtime, meal and rest breaks, waiting time penalties (Labor Code 203), and Bus. & Prof Code section 17200 claims.

6. Whether California Bus. & Prof. Code section 17200 provides the Plaintiffs with the remedy of restitution (assuming overtime is owed) that increases actual damages.

5                       **Case No.**    C07-5244 HRL

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.

### E. Deposition Excerpts & Discovery Responses

Plaintiffs will offer the following deposition excerpts at trial (other than solely for impeachment or rebuttal):

*Deposition of Manglar Bhullar Volume I*

Page 16:11 to 16:25, Pages 18:15 to 19:2, Page 15:20 to 15:23, Page 34:7 to 34:11, Page 171:1 to 171:6, Page 28:21 to 28:23

*Deposition of Manglar Bhullar Volume II*

Pages 85:12 to 86:6

*Deposition of Jaswinder Bhullar*

Pages 97:3 to 98:11, Page 22:1 to 22:20, Page 23:11 to 23:13, Pages 46:6 to 47:1

Defendants will offer the following deposition excerpts at trial (other than solely for impeachment or rebuttal): Deposition of Carlos Cortez, page 6 - lines 15 - 25; page 7- lines 1 – 19; page 19 - lines 7 – 19; page 20 - lines 1 – 18; page 31 - lines 24 – 25; page 32 – lines 1 – 4; page 33 – lines 10 – 11.

Defendants will offer the following Discovery Responses at trial: (1) Special Interrogatories by Defendants Propounded to Plaintiff Rodolfo Rufelas and (2) Answers by Rodolfo Rufelas to Special Interrogatories. (3) Special Interrogatories by Defendants Propounded to Plaintiff Eva Romero Garcia and (4) Answers by Eva Romero Garcia to Special Interrogatories.

### F. Witnesses to Be Called:

Plaintiff will call the following witnesses:

| Name | Substance of the Testimony |
| --- | --- |
| EVA ROMERO | This witness is to testify to the start date of her employment; the length of her employment; her schedule; job duties; terms and conditions of her employment; date of the termination of her employment; nature of rate and frequency of pay for work done; and that compensation |

| | |
|---|---|
| | for work done was paid on a salary basis. Eva is also going to testify the start date and length of Plaintiff Rodolfo Rufelas' employment with Defendants, and Rodolfo Rufelas' work schedule. |
| RODOLFO RUFFELAS | This witness is to testify to the start date of his employment; the length of his employment; his schedule; job duties; terms and conditions of his employment; date of the termination of his employment; nature of rate and frequency of pay for work done; and that compensation for work done was paid on a salary basis. Rodolfo is also going to testify that Eva Romero was already working with Defendants when he started employment with Defendants; and Eva Romero' work schedule. |
| PIO DE ANGEL | This witness is going to testify to the start dates of both Plaintiffs, and their schedules, job duties, and that both Plaintiffs were paid on hourly basis. This witness is also going to testify to that Defendants did not time tracking system; and it was Defendants' common practice to falsifying business records. |
| IVONNE GARCIA | This witness is going to testify to the start dates of both Plaintiffs, the work schedules of both Plaintiffs, and that Defendant's cash paying scheme. |
| JASWINDER BHULLAR | This witness is to testify to the nature, volume, and overall structure of Defendants business operations; Plaintiff's schedule; how Defendants processed their payroll; how Defendants monitored Plaintiffs working hours; the nature and conditions of Plaintiffs' employment with Defendants; the nature of compensation paid to Plaintiffs; and Defendants' meal and break policy. |
| MANGAL BHULLAR | This witness is to testify to the nature, volume, and overall structure of Defendants business operations; Plaintiff's schedule; how Defendants processed their payroll; how Defendants monitored Plaintiffs working hours; the nature and conditions of Plaintiffs' employment with Defendants; the nature of compensation paid to Plaintiffs; and Defendants' meal and break policy. |

Defendants will call the following witnesses at trial:

| Witness | Testimony |
|---|---|
| JASWINDER BHULLAR | This witness is going to testify to the dates of employment; days and hours of work each week; meal and rest breaks each day of work; work duties; schedules of employees working the same period of time; and handling of payroll. |
| MANGAL BHULLAR | Same subjects as Jaswinder Bhullar |
| CARLOS CORTEZ | This witness is a former employee and will testify as to the hours the Plaintiffs worked and that wages were not paid in cash. |
| OSCAR ARIEL BIZARRON | This witness is present employee and will testify as to the hours and days Eva Romero worked; the time period Mr. Rufelas worked, the hours Mr. Rufelas worked; the policy on breaks; and that wages were not paid in cash. |
| JOSE BARBA | This witness is a long time frequent customer and will testify as to the hours the Plaintiffs worked. |
| FRANCISCO BARBA | This witness is long time frequent customer and will testify as the hours the Plaintiffs worked. |
| DAVID CASTRO | This witness is a former employee and long time frequent customer. He will testify as to the hours and days the Plaintiffs worked. He will testify that he was not paid in cash. |
| CYNTHIA MANRIQUE | This witness is a former employee. She will testify as to the hours and days the Plaintiffs worked. She will testify that she was not paid in cash. |
| GUILLERMO RODRIQUEZ | This witness is long time frequent customer and will testify as the hours and days the Plaintiffs worked. |
| JASWAN SINGH JESSIE | This witness operates Jessie Tax Services. He handled the Defendants' payroll. He will testify as to how payroll is processed, including how employee hours are given to him from time cards. |

**G.     Exhibits, Schedules and Summaries:**

Plaintiff's Exhibits:

| Exhibit No. | Substance & Purpose | Sponsoring Witness |
|---|---|---|
| 1 | Eva Romero's application for employment for the purpose of proving employment history. | Eva Romero/Stipulation |
| 2. | Temporary License issued by San Jose Police Department for Defendants' Taco truck, offered to establish that Taco truck was ready to be used as early as November 2005 | Pio De Angel/Stipulation |
| 3. | Permit issued by California Department of Environmental Health, offered to show that Taco truck was ready to be used as early as November 2005 | Pio De Angel/Stipulation |
| 4. | Rodolfo Ruffelas's application for employment for the purpose of proving employment history. | Rodolfo Ruffelas/Stipulation |
| 5. | Letter from the law offices of James R. Kafka re notice from the Social Security Administration about non-match notice to prove receipt and possession by Defendants. | Manglar Bhullar / Rodolfo Ruffelas / Stipulation |
| 6. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 7. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 8. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 9. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 10. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 11. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 12. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |

| | | |
|---|---|---|
| 13. | Calendar reconstructing stated schedule at deposition of Manglar Bhullar, with corresponding paystubs to demonstrate falsity of payroll records. | Manglar Bhullar / Stipulation |
| 14. | Time card provided by Defendants for Eva Romero to show payroll methods of defendants, alleged schedule of Eva Romero, falsifying of records, hand written time cards made by defendants, inaccuracy of records, schedule of Eva Romero, and alleged lunch breaks and inconsistency with other evidence. | Eva Romero / Jaswinder Bhullar / Stipulation |
| 15. | Time card provided by Defendants for Rodolfo Ruffelas to show payroll methods of defendants, alleged schedule of Rodolfo Ruffelas, falsifying of records, inaccuracy of records, schedule of Rodolfo Ruffelas, and alleged lunch breaks and inconsistency with other evidence. | Rodolfo Ruffelas / Jaswinder Bhullar / Stipulation |

Defendants' Exhibits:

| Exhibit No. | Substance & Purpose | Sponsoring Witness |
|---|---|---|
| 3. | Employment Application by Eva Romero Garcia to show date employment began | Stipulation or Defendants or Plaintiff |
| 4. | Paycheck stubs for Eva Romero Garcia to show dates of employment; number of hours | Stipulation or Defendants or Plaintiff |
| 5. | Time cards for Eva Romero Garcia to show hours worked and breaks taken | Stipulation or Defendants or Plaintiff |
| 6. | Employment Application by R. Rufelas to show date employment began | Stipulation or Defendants or Plaintiff |
| 7. | Paycheck stubs for R. Rufelas to show dates of employment; number of hours | Stipulation or Defendants or Plaintiff |
| 8. | Time cards for R. Rufelas to show hours worked | Stipulation or Defendants or Plaintiff |
| 9. | Group of documents consisting of permit issued by California Department of Environmental Health; City of San Jose business tax certificate; San Jose Police temporary permit; DMV registration to lunch truck; and DMV title to lunch truck to show time period lunch truck acquired and time frame Ms. Eva Romero Garcia began employment | Stipulation or Defendants |
| 10. | Photographs of interior of Happy Hollow Market store; exterior of store and lunch truck to show | Stipulation or Defendants |

| | | |
|---|---|---|
| | size of store and location of counters | |
| 11. | Receipts for purchases of merchandize concerning the Happy Hollow Market for June - August 2006 (representative of practice) to show payment of merchandize by check or notation of cash | Stipulation or Defendants |
| 12. | Yvonne Garcia paycheck stubs to show payment of wages by check | Stipulation or Defendants or Witness |
| 13. | Pio De Angel paycheck stubs to show payment of wages by check | Stipulation or Defendants or Witness |
| 14. | Oscar Bizarron employment application to show date employment began | Stipulation or O. Bizarron |
| 15. | Oscar Bizarron paycheck stubs to show date employment began and payment of wages by check | Stipulation or O. Bizarron |
| 16. | Yvonne Garcia time card to show number of hours worked. | Stipulation or Defendants or Witness |
| 17. | Special Interrogatories by Defendants to Plaintiff – Eva Romero Garcia | Stipulation or Plaintiff |
| 18. | Answers to Special Interrogatories by Plaintiff – Eva Romero Garcia to answers to questions concerning employment and claims | Stipulation or Plaintiff |
| 19. | Special Interrogatories by Defendants to Plaintiff – Rodolfo Rufelas | Stipulation or Plaintiff |
| 20. | Answers to Special Interrogatories by Plaintiff – Rodolfo Rufelas to show answers to questions concerning employment and claims | Stipulation or Plaintiff |
| | | |

**H.    Relief Requested**

Plaintiffs seek the following monetary damages:

1. <u>Unpaid Overtime</u>: Plaintiff EVA ROMERO claims unpaid overtime for the period from mid October 2005 to December 2006 and Plaintiff RODOLFO RUFFELAS for the period from January 15, 2006 to August 15, 2007.

<u>Plaintiff Eva Romero</u>

Specifically, Plaintiff Eva Romero claims to be paid a salary of $1400 per month from November of 2005 until December of 2006, a period of 58 weeks. During this time she will testify she worked 54 hours per week.

11    **Case No.**    C07-5244 HRL

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.

*Under the California Labor Code*

To determine her hourly rate, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. Then we divide this by 40, for a total of $8.08 per hour. Her owed over time is then $8.08 * 1.5 * 14 (54 - 40) hours OT per week, for a total of $169.68. Over 58 weeks, that makes a total of $9,841.44.

*Under the FLSA*

To determine her hourly rate, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. The we divide this by 54, for a total of $5.98 per hour. Because her Regular Rate falls below minimum wage we calculate over bu multiplying $6.75 (mi. wage) * 1.5 * 14 (54 - 40) hours OT per week. Over 58 weeks, that makes a total of $8,808.75.

<u>Plaintiff Rodolfo Rufelas</u>

Specifically, Plaintiff Rudolfo Ruffelas claims to be paid a salary of $1400 per month from mid January of 2006 until mid February of 2006, a period of 4 weeks. During this time he will testify he worked 57 hours per week.

Later he claims to be paid a salary of $1600 per month from mid February of 2006 until mid August of 2007, a period of 78 weeks. During this time he will testify he worked 96 hours per week.

*Under the California Labor Code*

To determine his hourly rate for the first period, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. Then we divide this by 40, for a total of $8.08 per hour. His overtime owed for period one is then $8.08 * 1.5 * 17 (57 - 40) hours OT per week. Over 4 weeks, that makes a total of $824.16.

For the second period, we multiply $1600 by 12 mos., then divide by 52 weeks for a total of $369.23 / week. The we divide this by 40, for a total of $9.23 per hour. His overtime owed for

**PRE-TRIAL STATEMENT**
<u>RAFFELAS, et al. v. BHULLAR et. al.</u>

period one is then $9.23 * 1.5 * 56 (96 - 40)$ hours OT per week. Over 78 weeks, that makes a total of $60,474.96.

Combining the two periods we get: $61,299.12.

*Under the FLSA*

To determine his hourly rate for the first period, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. Then we divide this by 57, for a total of $5.66 per hour. Because his Regular Rate falls below the Minimum Wage, his overtime owed for period one is then $6.75 * 1.5 * 17 (57 - 40)$ hours OT per week. Over 4 weeks, that makes a total of $688.50.

For the second period, we multiply $1600 by 12 mos., then divide by 52 weeks for a total of $369.23 / week. The we divide this by 96, for a total of $3.85 per hour. Because his Regular Rate falls below the Minimum Wage, his overtime owed for period one is then $6.75 * 1.5 * 56 (96 - 40)$ hours OT per week for 46 weeks ($26,082.00) *plus* $7.50 * 1.5 * 56 * 32$ weeks ($20,160.00). (This is due to a minimum wage increase in Jan. 2007). Over 78 weeks, that makes a total of $46,242.00.

Combining the two periods we get: $46,930.50.

2.  <u>Liquidated Damages for Unpaid Overtime under FLSA</u>:  Plaintiffs claim that Defendants willfully failed to pay him the overtime rate, as they did not act in good faith nor did they have reasonable basis to believe that by failure to pay him overtime they were not violating FLSA.  Plaintiff seeks liquidated damages that are equal to the amount of unpaid overtime.

3.  <u>Unpaid Minimum Wage under California Labor Code</u>:

<u>For Plaintiff Eva Romero:</u>

To determine her hourly rate, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. Then we divide this by 54, for a total of $5.98 per hour. $6.75 - $5.98 = $0.77 * 54$ hours/wk $* 58$ weeks $= $2411.64$

13     **Case No.**     C07-5244 HRL

**PRE-TRIAL STATEMENT**
<u>RAFFELAS, et al. v. BHULLAR et. al.</u>

<u>For Plaintiff Rudolfo Ruffelas:</u>

To determine his hourly rate for this first period, we multiply $1400 by 12 mos., then divide by 52 weeks for a total of $323.08 / week. Then we divide this by 57, for a total of $5.66 per hour. To calculate minimum wage owed we do $6.75 - $5.66 * 57 hours/week * 4 weeks, which makes a total of $248.52.

For the second period, we multiply $1600 by 12 mos., then divide by 52 weeks for a total of $369.23 / week. Then we divide this by 96, for a total of $3.85 per hour. To calculate minimum wage owed we do $6.75 - $3.85 * 96 hours/week * 46 weeks ($12,806.40) *plus* $7.50 - $3.85 * 96 hours week * 32 weeks ($12,614.40) which makes a total of $25,420.80.

Combining the two periods we get: $25,669.32.

4. <u>Liquidated Damages for Unpaid Minimum Wage under California Labor Code</u>:

Equal in amount to the Minimum Wage owed under the California Labor Code.

5. <u>Premiums for Missed Meal Breaks and Rest Periods</u>:

Plaintiffs claim missed meal periods each day, during the entire period of their employment with Defendants. See Cal. Labor Code § 512 and 8 CCR § 11170 subsection 9. This will result in one hours pay at Plaintiffs' regular rate for each day worked during the entire period of their employment. See cal. Labor Code § 226.7.

<u>For Eva Romero:</u>

*For Oct. 05- Dec. 06*

$8.08 * 6 days/wk * 2 periods / day * 58 weeks = $5,623.68

$8.00 * 5 days/wk * 1 periods / day * 30 weeks = $1,200.00

Total: 6,823.68

<u>For Rodolfo Ruffelas:</u>

$8.08 * 6 days/wk * 1 periods / day * 4 weeks = $193.92

$9.23 * 7 days/wk * 2 periods / day * 78 weeks = $10,079.16

14    **Case No.**    C07-5244 HRL

**PRE-TRIAL STATEMENT**
<u>RAFFELAS, et al. v. BHULLAR et. al.</u>

Total: $10,273.08

6. <u>Waiting Time Penalty</u>:

Plaintiffs claim that at time their employment with Defendants ended on October 26, 2006, Defendants failed to pay the overtime and meal premiums for missed meal breaks. Under California Labor Code § 203, willful failure to pay wages due upon the termination of an employee would subject the employer to a penalty up to 30 days wages at their regular rate of pay.

<u>Eva Romero</u>: $8 * 8 hrs/day *30 days = $1,920.00

<u>Rodolfo Ruffelas</u>: $9.23 * 8 hrs/day *30 days = $2,215.20

7. <u>Restitution</u>:

Plaintiffs seek restitution for unpaid wages under California Business & Professions Code § 17203, entitling Plaintiff to recover back wages for 4 years from the date the Complaint was filed.

8. <u>Interest</u>:

California Labor Code § 218.6 provides a mandatory interest at the rate of 10% per annum on the unpaid wages under California Civil Code section 3289. The interest accrues weekly from the date the wage became due. <u>Espinoza V. Classic Pizza, Inc.</u>, 114 Cal. App. 4th 968 (2003).

**I.     Estimate of Trial Time:**

Plaintiff estimates trial will take from three or four days.

Defendants estimate that cross examination of the Plaintiffs' witnesses will take 4 -6 hours (an interpreter may increase this estimate) and the direct examination of the Defendants' witnesses will take 5-6 hours (an interpreter may increase this estimate). The total hours needed by the Defendants will be between 9 to 12 hours. Defendants request the court set limits on both

15                                **Case No.**    C07-5244 HRL

**PRE-TRIAL STATEMENT**
<u>RAFFELAS, et al. v. BHULLAR et. al.</u>

parties as to the hours to present their case in order to achieve a just, speedy and inexpensive determination.

**J.    Amendments and Dismissals:**

Plaintiff has no further amendments or dismissals to make at this time.

**K.    Settlement Discussions:**

The parties participated in mediation. Unfortunately, the mediation was unsuccessful. Subsequently, Defense counsel has also submitted a Rule 68 offer for nominal amount to both Plaintiffs. Parties have scheduled a settlement conference with Judge Trumbull on September 15, 2008.

Dated: September 3, 2008         By: /s/ ADAM WANG
                                     Adam Wang
                                     Attorney for Plaintiffs

Dated:  August 31, 2008          By:  /s/ Joseph Kafka
                                     Joseph Kafka
                                     Attorney for Defendants

**PRE-TRIAL STATEMENT**
RAFFELAS, et al. v. BHULLAR et. al.