FILED

2008 SEP -3 P 3: 50

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  ADAM WANG, Bar No. 201233
   LAW OFFICES OF ADAM WANG
1  12 South First Street, Suite 613
   San Jose, CA 95113
3  Tel: (408) 292-1040
   Fax: (408) 416-0248
4
   Attorney for Plaintiffs
5  Eva Romero and Rodolfo Ruffelas

6

7              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

EVA ROMERO and RODOLFO RUFFELAS,    Case No.: C07-5244 HRL

10          Plaintiffs,              PLAINTIFFS' PROPOSED FINDINGS OF
       vs.                           FACT AND CONCLUSIONS OF LAW

11  MANGLAR BHULLAR and JASWINIDER
    BHULLAR, and DOES 1-10,
12
            Defendants,
13

14

15       Plaintiffs submit their Proposed Findings of Fact and Conclusions of Law as follows:

16       A. **FINDINGS OF FACTS**

17       1.  Defendants Manglar and Jaswinder Bhullar are the owners and operators of the

18           Happy Hollow Market, a convenience store located in San Jose California.

19

20       2.  Plaintiffs were employees of the defendants at the Happy Hollow Market.

21

22       3.  Over the course of Plaintiffs' employment, the defendants failed to keep and

23           maintain adequate and/or accurate records of Plaintiffs employment including:

             records of Plaintiffs' start and end date, daily time records or time cards, records
24
             indicating that Plaintiffs were provided an uninterrupted 30-minute meal period, and
25
             records of exactly how much Plaintiffs were paid and for what hours.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
Ruffelas et. al. v. Bhullar et. al.
                        1                    Case No.    C07-5244 HRL

1

2      4.  Plaintiff Eva Romero was employed by Defendants from November of 2005 to

3           September 17 of 2007.

4

5      5.  From November of 2005 to February of 2006, Eva Romero was paid, entirely in

6           cash, a fixed salary of $700 bi-monthly. Such salary was not adjusted to reflect the

7           actual number of hours worked.

8

9      6.  During this time, from November of 2005 to February of 2006,  she worked for 6

10          days a week, from 6AM to 3PM, for a total of 9 hours per day and 54 hours per

11          week.

12

13      7.  Beginning in February of 2006, Eva Romero was paid a salary of $700 bi-monthly,

14          partly in cash and partly by check up until December of 2006. Such salary was not

15          adjusted to reflect the actual number of hours worked.

16      8.  During this time, from February of 2006 to December of 2006,  she worked for 6

17          days a week, from 6AM to 3PM, for a total of 9 hours per day and 54 hours per

18          week.

19

20      9.  After December of 2006, from January of 2007 to September of 2007, Eva Romero

21          was paid a flat salary of $640 bi-monthly, based upon a set quantity of 80 hours per

22          pay period at $8 per hour. Such salary was not adjusted to reflect the actual number

23          of hours worked.

24

25      10. During this time, from January of 2007 to September of 2007,  she worked for 5

           days a week, from 7AM to 3PM, for a total of 8 hours per day and 40 hours per

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Ruffelas et. al. v. Bhullar et. al.

             **Case No.    C07-5244 HRL**

week.

11. Throughout her entire employment with Defendants, Eva Romero was never provided with a 30-minute undisturbed meal period.

12. Plaintiff Rodolfo Ruffelas was employed by Defendants from mid January of 2006 to August of 2007.

13. From the time of his hire until approximately February of 2007, Rodolfo was paid a a fixed salary of $700 bi-monthly; partly by check, with the balance paid in cash. During this time he worked Monday to Friday 12 noon to 8:30PM and Saturdays from 6AM to 8:30PM for a total of 57 hours per week.

14. From February of 2007 to August of 2007, Rodolfo was paid a  fixed salary of $800 bi-monthly; partly by check, with the balance paid in cash. During this time he worked Monday to Saturday 6AM to 8PM and Sundays from 8AM to 8PM for a total of 96 hours per week.

15. In exchange for this arrangement he was offered by his employer assistance in bringing his wife to the US, a promotion, and free housing for he and his wife. He was told, "if you help me, I will help you." None of these promises were ever realized.

16. In or around March of 2007, Defendants received a "no-match" letter from the SSA concerning Rodolfo Ruffelas. Upon receipt of this letter, Defendants began to pay Rodolfo his $800 bi-monthly salary entirely in cash rather than check.

---

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Ruffelas et. al. v. Bhullar et. al.

Case No.    C07-5244 HRL

17. Plaintiff Rodolfo Ruffelas was not fired in response to the "no-match" letter.

18. Throughout his employment with Defendants, Rodolfo Ruffelas worked for seven days per week, for 14 hours per day Monday though Friday, and for 12 hours per day on Saturday and Sunday for a total of 94 hours per week.

19. In August of 2007, Defendants cut back Rodolfo's working hours and began to pay him on a pure hourly rate basis. At this time, due to a corresponding reduction in pay, Plaintiff Rodolfo Ruffelas quit his employment with defendants.

20. Throughout his entire employment with Defendants, Eva Romero was never provided with a 30-minute undisturbed meal period.

21. Under Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), "Where an employer failed to maintain accurate payroll records an employee carries his burden under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" Id., at 687.

22. Applying Anderson, the 9th Circuit Court held that, in cases where defendant has kept inadequate records, "[o]nce the employee 'has proved that he has performed work and has not been paid in accordance with the [FLSA],' the fact of damage is certain. The only uncertainty is the amount of damage." Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir. 1986). Therefore, once plaintiffs have made a showing that Defendants (i) have not maintained proper records and (ii) that Plaintiffs have worked hours for which they have been improperly compensated, Plaintiffs are then

1       entitled to prove damages by just and reasonable interference from the evidence

2       which they have presented.

3

4    23. After Plaintiff establishes his prima facie that both the employer has not properly

5       maintained records and that the Plaintiff has been improperly paud for hours

6       worked, "the burden shifts to the employer to come forward with evidence of the

7       precise amount of work performed or evidence to negate the reasonableness of the

8       inference to be drawn from the employees' evidence." <u>McLaughlin</u>, 850 F.2d, at

9       586.

10

11    24. This court finds that the available evidence indisputably shows that Defendants have

12       failed to maintain complete and accurate records as required by the law. Federal law

13       requires an employer to maintain each employee's payroll records including

        including each employee's name, address, occupation, hours worked each day and

14       week, wages paid and date of payment, amounts earned as straight-time pay and

15       overtime, and deductions for at least three years. <u>29 C.F.R. 516.5</u>.  Defendants must

16       also maintain, for a period of two years, basic time and earnings cards, wage rate

17       tables, work schedules, order, shipping and billing records, and records of additions

18       to or deductions from wages. <u>29 C.F.R. 516.6</u>. Additionally, and importantly,

19       defendants

20       must also keep records of the hours worked by Plaintiffs each day. <u>29 CFR §</u>

21       <u>516.2(a)(7)</u>.

22

23    25. Defendants have not completely and accurately maintained any of the above

24       mentioned records. Specifically, defendants admit that the do not possess complete

25       and accurate daily time records or earning cards for either Eva Romero or Rodolfo

        Garcia. Furthermore, what little evidence exists was admittedly penned by

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
<u>Ruffelas et. al. v. Bhullar et. al.</u>
5                      **Case No.    C07-5244 HRL**

defendants own hand and and was produced  as little more than an attempt to shield

defendants from liability. The maintenance of such scant and inaccurate does not

even come close to meeting the statutory requirements of the FLSA. Repeated

requests by the Plaintiffs for the production of complete and accurate time records

have gone unheeded. If fact, said requests are most often met with defendants

response that no other records exist. Taking defendants at their word then, they have

failed to maintain adequate records as required by the FLSA.

26. Additionally, Defendants assertion that such records are not made available because

they were stolen by Plaintiffs is not grounded in any fact whatsoever, outside of the

defendants own testimony. Defendants own testimony does not even allege an actual

knowledge of the theft nor do defendants claim to have witnessed any theft, the

claim is based on defendants mere suspicion of theft. Given Defendants inconsistent

testimony, combined with the fact that defendants have attempted to use alleged

time card theft as a defense in a prior action, this account of the facts is simply not

credible.

27. The Court also finds that Defendants have also failed to maintain adequate records

with respect to Plaintiffs' employment periods.  Defendants produced Plaintiffs'

payroll records that tend to show that Plaintiff Eva Romero did not begin

employment with Defendants until February 2006 and that Plaintiff Rodolfo

Ruffelas terminated his employment in March of 2007.  As indicated above, the

Court finds Defendants testimony, limited time records and payroll records as

pertains to the period of Plainitffs' employment not to be credible, because their

testimony is inconsistent and self-serving at best. Instead, the records demonstrate

that Defendants check-cash split payment practice has bluntly violated all the laws

concerning the employment record keeping requirements and tax reporting
requirements.

28. On the other hand, Plaintiffs' testimony and the testimony of co-workers and
customers, which the Court finds credible, all clearly indicate that Plaintiff Rodolfo
Ruffelas was employed until August of 2007. Plaintiff's witnesses have credibly
collaborated his testimony that he worked for Defendants until August of 2007.
Weighing the evidence presented, the Court finds Plaintiff had started the
employment with Defendants in January of 2006 and terminated his employment in
August of 2007, and the Defendants have failed to maintain the adequate records
with respect to Plaintiff's employment periods.

29. Further, the court finds that Plaintiff Eva Romero has presented credible evidence
that shows she was employed with Plaintiffs beginning in November of 2005.
Defendants simply claim that because no pay check was issued for Eva Romero
prior to February of 2005, that she was not employed at Happy Hollow market.
However, the testimony of Eva herself and others is contrary to this assertions.
Furthermore, Defendants admit that Eva was initially employed with the Defendants
to help at the new Happy Hollow taco truck. Defendants testimony as to exactly
when the truck was open for business is spotty and rife with inconsistencies. Finally,
the defendants also admit that all repairs necessary to open the lunch truck had to
occur prior to the issuance of the health permit required to open the truck. The health
permit for the truck was clearly issues in November of 2005 and thus there remains
no credible reason why the truck would not have been or could not have been in
operation in November of 2005. A such the court finds that Plaintiff Eva Romero's
claim that she began employment in November of 2005 is far more credible than the
claim of Defendants.

30. In light of the inconsistent and spotty evidence produced by Defendants regarding Plaintiffs working hours and employment dates, the Court finds that Defendants failed to meet their burden "to come forward with evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employees' evidence" as required by Anderson.

31. This court finds that, as matter of fact, Defendants flat-rate semi-monthly pay scheme is inconsistent with proper payment under the FLSA. Where an employer's pay scheme is such that an employees is paid for the same hours for each half-month period, "such a system [is] inherently irreconcilable with the requirements of the FLSA." Yue Zho v. Wang's Restaurant, 2007 WL 134441 (N.D.Cal.). This is logically certain, because "not only are there different numbers of days in different half-month pay periods, but also, because overtime is only due for the hours worked after the employee has worked 40 hours in a given week, the number of overtime hours varies significantly for different half-month pay periods." Id. Therefore, as in this case, when an employee is paid a fixed amount of wages for a fixed amount of hours on a bi-monthly basis, yet works a regular schedule, there will necessarily be improperly compensated hours, as the pay system does not reflect the varying work hours inherent in a half-month work period.

32. The court finds that Defendants did not keep records of the Plaintiffs meal breaks, that would demonstrate that Plaintiffs were provided with a ½ hour undisturbed meal period.

33. Defendants assertion that the time cards that they have provided demonstrate that meal periods were provided is not credible as it is at odds with the testimony of the employees and is suspect as it was admittedly penned by the Defendants own hand.

34. This court finds that Plaintiffs have put forward credible evidence that they were not in fact provided with meal periods. Plaintiff has put forth receipts that demonstrate Plaintiff was in fact working at the cash register during the time period in which Defendants assert she was on her break, in direct contradiction with Defendants asserted time cards.

35. The court finds that Defendants apparently cannot show that they acted in good faith, nor did they have reasonable grounds to believe that they were not violating FLSA in failing to pay overtime. In this case, the Defendants purposefully paid defendants an fixed salary, part in check and part in cash. There is no possible justification for such a deliberate attempt to hide wages and avoid overtime payment obligations.

36. Defendants behavior in failing to keep accurate records of Plaintiffs employment, by making false and inaccurate records to avoid liability for overtime compensation, and failing to remedy any of these defects at any point before or after Plaintiffs' employment with Defendants, was clearly intentional.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
Ruffelas et. al. v. Bhullar et. al.

Case No.      C07-5244 HRL

## B. <u>PROPOSED CONCLUSIONS OF LAW</u>

### 1. DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE §510 AND §1194 AND THE TERMS OF THE FLSA.

The Court finds that Defendants, combining the gross sales of three mini markets, have exceeded $500,000 in annual sales, and thus constitute an "enterprise" under FLSA.

Given Defendants' total failure to maintain even minimal employment records in this case, and the obvious and indisputable assertion that Plaintiffs performed work for which they were not properly compensated, Plaintiffs should be awarded damages. With no reasonable manner to rebut these assertions, the only real question before the court is the amount of damages to be awarded. Concurrent with the policy concerns embodied in the FLSA, this award should be made regardless of any possible imprecision in calculation. Rodolfo Ruffelas and Eva Romero are unquestionably entitled to a damage award calculated by reasonable inference from the evidence that they have offered.

Based on the above proposed findings of fact and law, defendants are liable to Plaintiff Eva Romero and to Plaintiff Rodolfo Rufelas for damages.

### 2. DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE

The Court finds that Plaintiffs were paid a fixed salary. Under <u>Espinoza v. Classic Pizza Inc.</u>, 114 Cal.App.4th 968 (2003), an employer is liable for overtime pay for any overtime hours worked by employee, even though there was an understanding that the monthly salary was to cover both regular pay and overtime, *id.* at 974 (citing <u>Ghory v. Al-Lahham,</u> 209 Cal. App. 3d 1487 (1989). As such, Plaintiffs are entitled to one and half of their "regular rate of pay" for each hour he worked in excess eight hours a day or forty hours a week. Cal. Wage Order 5-2001, §3(A).

---

### 3.  DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR UNPAID OVERTIME AND LIQUIDATED DAMAGES UNDER FLSA, 29 U.S.C. § 217.

FLSA §29 U.S.C. 216(b) mandates an award of liquidated damages for unpaid overtime. King v Board of Education, 435 F2d 295 (1970). The only way to avoid this mandatory award requires the employer to establish that both (i) its failure to pay required overtime is in good faith, and (ii) it had reasonable ground to believe that his act or omission was not in violation of FLSA. McClanahan v. Mathews,440 F2d 320 (1971).  In Service Employees Int'l Union, Local 102 v. County of San Diego, 784 F. Supp. 1503, 1507 (S. D. Cal. 1992), the court held that the "FLSA provides that an employer who violates the minimum wage or maximum hour provisions 'shall be liable for . . . the payment of wages lost and an equal amount as liquidated damages'". *Citing* 29 U.S.C. § 216(b). Furthermore, "[l]iquidated damages are not penal in nature, but instead 'constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof  for estimate other than by liquidated damages.  ......' As a result, in a FLSA case, Double damages are the norm, single damages the exception." 784 F. Supp. 1503, 1507 (S. D. Cal. 1992), *citing* Watson v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986).

Based on the above proposed findings of fact and law, defendants are liable to Plaintiff Eva Romero and to Plaintiff Rodolfo Rufelas for damages.

### 4.  DEFENDANTS ARE LIABLE FOR LIQUIDATED DAMAGES FOR UNPAID WAGES

California Labor Code §1194.2(a) provides that an employee "shall" be entitled to a liquidated damages equal to the amount of the unpaid minimum wage, unless employer can demonstrate to the satisfaction of the Court that (i) its failure to pay minimum wage was in good faith, and (ii) it had reasonable basis to believe that its action was not a violation of any Labor Code provisions, §1194.2(b).  Clearly, the Labor Code tracks the FLSA language for liquidated damages.  Accordingly, the liquidated damages would be mandated in this case for unpaid minimum wage under Labor Code § 1194.2(b).

---

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Ruffelas et. al. v. Bhullar et. al.

Case No.    C07-5244 HRL

1

2        **5. FLSA FLUCTUATING METHODS IN CALCULATING OVERTIME DOES NOT APPLY**

3            Under FLSA, an employee paid by a fixed salary to work a unspecified number of hours

4    is subject to the method defined in 29 C.F.R. 778.114. The fluctuating method allows overtime

5    to be calculated by multiplying a 0.5 multiplier, rather than 1.5. However, because in this case,

6    Plaintiffs' regular rate fell below the statutory minimum wage, the fluctuating method does not

7    apply. 29 CF.R. 778.114(c). Therefore, the FLSA damages should be calculated by a

8    multiplier of 1.5.

9

10       **6. DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR MISSED MEAL**
            **BREAK PREMIUMS UNDER CAL. LABOR CODE § 226.7.**

11

12           29 CFR § 516.2(a)(7) requires employer to keep records of daily hours worked. In

13   addition, 29 C.F.R. § 785.19 provides that an only an undisturbed period of 30 minutes, which

14   is not counted as work-time, constitutes a bona fide meal period. As such, the combined effect

     of 29 CFR § 516.2(a)(7) and 785.19 requires that an employer "keep records of when meal

15   breaks were taken, whether they were interrupted, and when they were completed." Bayles v.

16   American Medical Response, 937 F. Supp. 1477, 1486 (D. Co. 1996) (citing Donovan v. White

17   Beauty View, Inc., 556 F. Supp. 414 (M.D.Pa. 1982), Donovan v. Bel-Loc Diner, Inc., 780 F.2d

18   1113 (4th Cir. 1985), and Bingham v. Airport Limousine Service, 314 F. Supp. 565 (D. Ark.

19   1970)). Under FLSA, failure to comply with this requirement entitles Plaintiffs to the relief. Id.

20

21   Based on the above proposed findings of fact and law, defendants are liable to Plaintiff Eva

22   Romero and to Plaintiff Rodolfo Rufelas for damages.

23       **7. DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR RESTITUTION**
            **UNDER CAL. BUSINESS & PROFESSIONS CODE § 17203.**

24

25           Business and Professions Code section 17200 prohibits three types of wrongful business

     practices: any (1) unlawful, (2) unfair, or (3) fraudulent business practice or act. See People ex

---

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Ruffelas et. al. v. Bhullar et. al.

Case No.    C07-5244 HRL

1  rel. Bill Lockyer v. Fremont Life Ins. Co., 104 Cal.App.4th 508, 515 (2002). "With respect to

2  the *unlawful* prong, [v]irtually any state, federal or local law can serve as the predicate for an

3  action under section 17200." Id. (internal citation and quotation marks omitted). "'[I]n essence,

4  an action based on Business and Professions Code section 17200 to redress an unlawful

5  business practice 'borrows' violations of other laws and treats these violations, when committed

6  pursuant to a business activity, as unlawful practices independently actionable under section

7  17200 et seq. and subject to the distinct remedies provided thereunder.'" Id. *quoting* Farmers

8  Ins. Exchange v. Superior Court, 2 Cal.4th 377, 383 (1992).

9       Any person harmed by such unfair practice is entitled to restitution. Business &

10  Professions Code §17203. Restitution under §17203 is a distinct remedy, *cumulative* to

11  remedies under any other laws of California. Business & Professions Code §17205, see also

12  Cortez v. Purolater Air Filtration Products Company, 23 Cal.4th 163 (2000).

13  Based on the above proposed findings of fact and law, defendants are liable to Plaintiff Eva

14  Romero and to Plaintiff Rodolfo Rufelas for damages.

15      **8.  THE PROVISIONS OF SECTION 17203 OF THE CALIFORNIA BUSINESS
16  AND PROFESSIONS CODE EXTEND THE APPLICABLE STATUTE OF
       LIMITATIONS IN THIS CASE TO FOUR YEARS.**

17      Plaintiffs' claim for restitution under Business & Professions Code §17203 in this case

18  allows for a four year statute of limitations. Business & Professions Code § 17208. In Janik v.

19  Rudy, Exelrod & Zieff, 119 Cal. App. 4Th 930 (2004), Plaintiff's attorney, who had recovered

20  $90 million in an overtime class action, was sued for malpractice because he pursued only a

21  Labor Code claim that carried 3 year statue of limitations, but failed to pursue the Section

22  17200 claim, carrying a 4 year statue of limitations. In reversing the trial court's order granting

23  defendant's demurrer, on the ground that § 17203 only covers three years of the back overtime

24  pay, the Court agreed with the plaintiff, and held that "if [a UCL claim] was not included as

25  part of the ... action the claim for an additional year of recovery was lost", id. at 943. This

interpretation was affirmed by the California Supreme Court in Cortez, 23 Cal.4th 163, at 179-

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Ruffelas et. al. v. Bhullar et. al.
**Case No.    C07-5244 HRL**

1  80, specifically holding that any action pursuant to § 17203 carries a 4-year statute of

2  limitations. As such, Plaintiffs are entitled to recover up to four years of unpaid wages as

3  restitution.

4
   **9.  DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR WAITING TIME**
5       **PENALTY UNDER CAL LABOR CODE § 203.**

6       This language of Section 203, by use of the term *"shall"* regarding the payment of this

7  penalty, is mandatory. *See for language* <u>Cal. Labor Code §203</u> *and* <u>Cal. Labor Code §15</u>

8  (interpreting Seciton 203). As read by the Court, "Labor Code Section 15, one of the general

9  provisions governing the interpretation of specific sections of the Labor Code, explicitly

10 declares that 'shall' is "mandatory…" <u>Morris v. County of Marin</u>, 18 Cal.3d 901 (1977) .

11

12      "[T]o be at fault within the meaning of the statute, the employer's refusal to pay need

13 not be based on a deliberate evil purpose to defraud workmen of wages, which the employer

14 knows to be due. As used in § 203, "willful" merely means that the employer intentionally

15 failed or refused to perform an act *which was required to be done*." (Emphasis, the court.)

16 <u>Barnhill v. Robert Saunders & Co.</u>, 125 Cal.App.3d 1, 7-8 (1918).

17

18      Based on the evidence presented, the Court finds that Defendants' conduct was sufficiently

   "willful" for the purposes of liability under CA Labor Code Section 203.
19

20      Based on the above proposed findings of fact and law, defendants are liable to Plaintiff Eva

21 Romero and to Plaintiff Rodolfo Rufelas for damages.

22

23      **10. DEFENDANTS ARE LIABLE TO PLAINTIFF FOR STATUTORY**
           **INTERESTS UNDER CALIFORNIA LABOR CODE § 1194 & 218.6.**
24

25      Plaintiffs are entitled to interest on lost overtime wages. Cal. Labor Code § 218.6

   provides: "In any action brought for the nonpayment of wages, the court shall award interest on

---

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
<u>Ruffelas et. al. v. Bhullar et. al.</u>

Case No.    C07-5244 HRL

1  all due and unpaid wages at the rate of interest specified in subdivision (b) of California Civil

2  Code section 3289, which shall accrue from the date that the wages were due and payable as

3  provided in Part 1 (commencing with Section 200) of Division 2."[1] See also <u>Espinoza V.</u>

4  <u>Classic Pizza, Inc.</u>, 114 Cal. App. 4th 968 (2003).

5          Accordingly, Plaintiffs should also be awarded interest on the full amount unpaid

6  wages at 10% per annum.

7

8

9  Dated: 09/02/08                               By: <u>/s/ ADAM WANG</u>
                                           Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

---

24  [1]    Furthermore, Labor Code §1194 provides in part, an "…employee is entitled to recover
in a civil action the unpaid balance of the full amount of his minimum wage or overtime

25  compensation, *including interest thereon*, reasonable attorneys' fees, and costs of suit."
(Emphasis added).

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
<u>Ruffelas et. al. v. Bhullar et. al.</u>
                         15[1]                   **Case No.   C07-5244 HRL**