ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| RODOLFO F RUFELAS AND EVA ROMERO GARCIA<br><br>    Plaintiffs,<br><br>    vs.<br><br>JASWINDER BHULLAR, MANGAL S BHULLAR, & DOES 1 THOUGHT 10<br><br>    Defendants | Case No.: C07-5244 HRL<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION MOTION TO DISQUALIFY COUNSEL BAR WITNESS AND AWARD ATTORNEY'S FEES AND OTHER SANCTIONS |

## I. FACTS

Plaintiffs sue Defendants for overtime violations under both Fair Labor Standards Act and California Labor Code. Defendants move to disqualify Plaintiffs' counsel and for various sanctions, because Plaintiffs' counsel came into possession of Defendants' cash register roll and notes recording Defendants' daily sales. Defendants allege that such documents were given to Plaintiffs' counsel by a former employee of Defendants after such documents were stolen from Defendants' store.

## II. ARGUMENTS

### A. PLAINTIFFS' COUNSEL PROMPTLY DISCLOSED THE DOCUMENTS UPON OBTAINING THE POSSESSION OF THE DOCUMENTS

Defendants accused Plaintiffs of hiding the possession of the documents and springing them upon Defendants. The accusation does not have any factual basis. In fact, Plaintiffs counsel did not have possession of the documents until August 9, 2008. Upon coming into possession of the documents, Plaintiffs' counsel revealed to the Defendants on August 11, 2008 in the deposition of Defendant Mangal Bhullar. See Wang Decl.

### B. PLAINTIFFS CAME INTO THE POSSESSION OF THE DOCUMENT WITHOUT ANY WRONGDOING ON THEIR PART

Defendants do not accuse Plaintiffs nor their counsel of coming into the possession of the documents at issue through any wrongdoing. In fact, Defendants only assert that these documents were given to Plaintiffs' counsel after they were allegedly stolen from Defendants' store. Indeed, Plaintiffs and their counsel did not have any role in removing the said documents from Defendants' store, nor had any prior knowledge of it until the documents had actually been removed from Defendants' store. See Wang Decl..

### C. THE SAID DOCUMENTS ARE CLEARLY RELEVANT TO THIS CASE

Suing under FLSA, Plaintiffs allege that Defendants are subject to FLSA's overtime obligation. FLSA overtime requirement applies to any employee "who in any workweek …is employed in an enterprise engaged in commerce or in the production of goods for commerce", 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce or in the production of goods for commerce" is defined to mean, among other things, an enterprise whose annual gross volume of sales …. is no less than $500,000." 29 U.S.C. § 203(s)(1)(ii). As such, the cash register rolls and Defendants' daily sales are directly relevant in establishing Defendants have attained annual gross sale of $500,000.

**D. PLAINTIFFS ARE ENTITLED TO USE THE DISPUTED DOCUMENTS AT TRIAL EVEN IF SUCH DOCUMENTS MAY HAVE BEEN IMPROPERLY TAKEN FROM DEFENDANTS**

"[N]either the Federal Rules of Civil Procedure nor court's inherent powers support an order prohibiting use of information innocently obtained from third parties without use of judicial process." Schlaifer Nance & Co. v. Estate of Warhol, 742 F.Supp. 165, 166 (S.D.N.Y.1990).  It is clear that the "information [contained in the documents at issue] is discoverable notwithstanding the fact that  it may be a stolen document." Philadelphia Resistance v. Mitchell, 58 F.R.D. 139 (E.D. Pa, 1972). "It is well established that documents stolen by private individuals and subsequently given to [a party to the litigation] can be used [against] the documents' owner, if the [party seeking to use such document] did not participate in the illegal procurement nor had any prior knowledge of it" until it came in the possession of the said documents.  Id., at 148, citing Burdeau v. McDowell, 256 U.S. 465 (1921).

**E. THE ALLEGED PRIVACY RIGHT CANNOT PRECLUDE DISCOVERY OF DEFENDANTS' FINANCIAL AFFAIRS**

Defendants have completely failed to establish any privilege that prevents the financial documents at issue in this motion from being subject to discovery.  Citing Cobb v. Superior Court, 99 Cal. App. 3rd 550 (1979), Defendants assert on the right of privacy for a party's confidential financial affairs under California law. Using the alleged right to privacy as the linchpin for the entire motion, Defendants argue that this privacy right prevents Plaintiffs and their attorney from gaining knowledge of the documents at issue even though the documents are clearly relevant, and looking into such documents would permeate this entire proceeding with such severe unfairness usurp any justice from the proceeding.

Defendants are patently mistaken.  Cobb case, so heavily relied on by Defendants, does not support Defendants' position.  To the contrary, Cobb authorizes discovery the financial affairs of a party to the litigation, as long as such financial information is relevant.  "It declared that right of privacy is not violated by disclosure to counsel for parties for the purpose of

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY**
**Rufelass, et al. v. Bhullar, et al.**
3                               Case No. C07-5244 HRL

lawsuit of financial information because disclosure is relevant to the public purpose served by the judicial dispute resolution"; and "it declared that so long as the disclosure is by a properly fashioned protective order, the invasion into privacy is held within the limits required by Supreme Court cases dealing with that right."  Id., at 549-550.

As such, Defendants have not asserted any privilege or proper rights to disqualify Plaintiffs' attorney for refusing to refrain from studying and using Defendants' financial information for the purpose of this lawsuit.

### F. THIS COURT DOES NOT HAVE AUTHORITY TO ORDER RETURN OF THE DOCUMENTS AT ISSUE NOR LIMIT DISCLOSURE OF THE DOCUMENTS.

Although Cobb requires California court to issue appropriate protective order for the financial information obtained through discovery process, a district court does not have authority to issue such an order under Fed. Rule Civ. Pro. 26(c) with respect to the documents obtained *outside* of the discovery process in the instant case. In Kirshner v. Uniden Corp. of America, 842 F.2d 1074 (9th Cir.1988),  the court held that it was inappropriate to require the return of documents purportedly subject to the attorney-client privilege which the plaintiff's attorney had acquired in discovery in separate litigation against the same defendant. Id. at 1076.   The court concluded that "a district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties were identical. judicial procedure." Id. at 1081. Similarly, in Bridge C.A.T. Scan Associates v. Technicare Corp., 710 F.2d 940 (2d Cir.1983), the Second Circuit found no authority for enjoining the disclosure of the defendant's trade data that had been collected by the plaintiff's attorney prior to instituting the lawsuit. 710 F.2d at 945-46. Because the information had been "gathered independently of judicial process," the court could not exercise control over it. Id. at 946. Thus, "[t]he provision for protective orders in Rule 26(c) is plainly limited in its application to protection from abuses flowing from the employment of the discovery rules."  4 Moore's Federal Practice  ¶ 26.78 at 26-503 to 26-504 (1987).  Finally, there may be First Amendment implication in restricting Plaintiffs from disclosing the information contained in the documents

1  in dispute here which were obtained independent from the discovery process of this case.  See

2  Stamy v. Packer, 138 F.R.D. 412  (N.J. D, 1990) ("A protective order that prohibits disclosure of

3  information obtained outside the court processes amounts to a prior restraint of one's freedom of

4  speech", and may very well be unconstitutional in violation of First Amendment").

### III. CONCLUSION

Based on the foregoing, Defendants have failed to assert any basis to impose any sanctions with respect to the relevant documents at issue in this motion.  Defendants' motion should eb denied in ites entirety.

Dated:  September 9, 2008                    By:  /s/ Adam Wang           .
                                                                Attorney for Plaintiffs
                                                                Rodolfo F Rufelas & Eva Romero Garcia

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY**
Rufelass, et al. v. Bhullar, et al.
                                                       5                              Case No. C07-5244 HRL